| | | |
|---|---|---|
| **STATE OF LOUISIANA** | * | **NO. 2019-KA-1014** |
| **VERSUS** | * | |
| | | **COURT OF APPEAL** |
| **CHARLES MONROE** | * | |
| | | **FOURTH CIRCUIT** |
| | * | |
| | | **STATE OF LOUISIANA** |

\* \* \* \* \* \* \*

APPEAL FROM
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 536-591, SECTION "D"
Honorable Paul A Bonin, Judge
\* \* \* \* \* \*
**Judge Tiffany G. Chase**
\* \* \* \* \* \*
**ON REMAND FROM LOUISIANA SUPREME COURT**

(Court composed of Chief Judge James F. McKay, III, Judge Tiffany G. Chase, Judge Dale N. Atkins)

Christopher A. Aberle
LOUISIANA APPELLATE PROJECT
P.O. Box 8583
Mandeville, LA 70470-8583

    COUNSEL FOR APPELLANT/DEFENDANT

**VACATED AND REMANDED**
**JULY 01, 2020**

*TGC*
*JFM*
*DNA*

This matter is on remand from the Louisiana Supreme Court pursuant to the United States Supreme Court's recent decision in *Ramos v. Louisiana*, No. 18-5924, 590 U.S. ___, 140 S.Ct. 1390, ___ L.Ed.2d ___ (2020), 2020 WL 1906545 (holding that jury verdicts in state felony trials must be unanimous). *State v. Monroe*, 2019-1014 (La.App. 4 Cir. 2/19/20), 293 So.3d 60, *writ granted*, 2020-00335 (La. 6/3/20), ___ So.3d ___. For the reasons that follow, we vacate Charles Monroe's conviction and sentence and remand for further proceedings.

## RELEVANT FACTS AND PROCEDURAL HISTORY

Charles Monroe (hereinafter "Mr. Monroe") was convicted of second-degree murder by a ten to two jury verdict. He was sentenced to life imprisonment without the benefit of probation, parole, or suspension of sentence. On appeal, this Court affirmed Mr. Monroe's conviction and sentence based on the contemporaneous controlling precedent. *Monroe*, 2019-1014, p. 3, 293 So.3d at 61. Mr. Monroe sought review by the Louisiana Supreme Court. During the pendency of his writ application, the United States Supreme Court issued its ruling

in *Ramos*. Thereafter, the Louisiana Supreme Court granted Mr. Monroe's writ application specifically regarding the issue of the non-unanimous jury verdict. *Monroe*, 2019-1014 (La.App. 4 Cir. 2/19/20), 293 So.3d 60, *writ granted*, 2020-00335 (La. 6/3/20), ___ So.3d ___.

## DISCUSSION

Mr. Monroe's sole assignment of error challenged the constitutionality of his conviction by non-unanimous jury verdict. Under *Ramos*, jury verdicts for felony convictions must be unanimous. *Ramos v. Louisiana*, No. 18-5924, 590 U.S. ___, 140 S.Ct. 1390, ___ L.Ed.2d ___ (2020), 2020 WL 1906545. Because Mr. Monroe's case was pending on direct review when *Ramos* was decided, the United States Supreme Court's decision in *Ramos* is applicable. *See Schriro v. Summerlin*, 542 U.S. 348, 351, 124 S.Ct. 2519, 2522, 159 L.Ed. 442 (2004) (observing that "[w]hen a decision of [the United States Supreme Court] results in a 'new rule,' that rule applies to all criminal cases still pending on direct review"). Therefore, because Mr. Monroe's conviction was based on a non-unanimous jury verdict, his conviction and sentence are vacated.

## DECREE

For the foregoing reasons, Mr. Monroe's conviction and sentence for second-degree murder are vacated and the case is remanded for further proceedings.

**VACATED AND REMANDED**

2